## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

CELEDONIO BAUTISTA, an individual,

      Plaintiff,

v.

MVT SERVICES LLC a Limited Liability Company dba MESILLA VALLEY
TRANSPORTION INC.; THOMAS M. ESTRADA, an individual and DOES 1 through
10, inclusive,

         Defendants.

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff, Celedonio Bautista, respectfully represents and alleges as follows:

### JURISDICTION AND VENUE

1.    The jurisdiction of this court is founded on diversity of citizenship under
28 U.S.C. § 1332, in that:

    a.  Plaintiff Celedonio Bautista is a citizen of California for purposes of subject
matter jurisdiction, diverse to the State of Colorado, Oregon and Texas.

    b.  Defendant MVT SERVICES, LLC a Limited Liability Company dba
MESILLA VALLEY TRANSPORTATION that was formed and exists
under the laws of the State of New Mexico for purposes of citizenship;
and also with its Principal Place of Business in New Mexico with
authorized representatives in Portland and Salem Oregon.

c.   Defendant THOMAS M. ESTRADA is a resident of the State of Texas, and resides in the County of El Paso for purposes of citizenship;

d.   Plaintiff CELEDONIO BAUTISTA alleges that he has suffered injury in an amount greater than $75,000, the jurisdictional minimum as set forth in 28 U.S.C. § 1332 and there is complete diversity of citizenship between Plaintiff and Defendants.

## VENUE

1.      Venue is proper in the United States District Court of Colorado in that all injuries complained of herein were caused and suffered in the County of Larimer, State of Colorado, as more fully set forth herein. Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 U.S.C. § 1891(a)(2).

## PARTIES

2.      Plaintiff CELEDONIO BAUTISTA (hereafter referred to as "BAUTISTA") is, and at all times mentioned herein was, an individual residing in the City of Gerber, State of California.

3.      Plaintiff is informed and believes and thereon alleges, at all times mentioned herein, Defendant MVT LLC a Limited Liability Company dba MESILLA VALLEY TRANSPORTATION INC. (hereinafter Defendant "MESILLA"), was doing business in the County of Multnomah, State of Oregon as well as Doña Ana County, State of New Mexico.

4.      Plaintiff is informed and believes and thereon alleges, at all times mentioned herein, Defendant THOMAS M. ESTRADA (hereinafter Defendant "ESTRADA"), was an individual, operating a vehicle in the County of El Paso, State of Texas.

5.      DOE Defendants 1 through 10, inclusive, are sued under fictitious names. Plaintiff is ignorant of the true names and capacities of those defendants sued herein as

2

DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said fictitiously sued defendants when they have been ascertained.

6.      Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant herein is legally responsible in some manner for the acts alleged herein.

7.      Plaintiff is informed and believe and thereon allege that each of the defendants designated as a DOE is negligently, consciously, willfully, intentionally, knowingly, recklessly or otherwise tortiously, or legally responsible in some manner for the events and happenings herein referred to and negligently, consciously, willfully, intentionally, knowingly, recklessly, or otherwise tortiously caused the injuries and damages proximately thereby to plaintiff as hereinafter alleged, either through said defendants own conduct, or through the conduct of their agents, servants or employees, and each of them, or through said defendants' ownership, operation, control, possession, distribution, supervision, servicing, maintenance, inspection, repair, entrustment, use, furnishing, of the 2011 Blue International Truck Tractor and Semi-Trailer Oregon License Plate Number YAGJ278 (hereinafter the "SUBJECT VEHICLE") which was being driven by Defendant ESTRADA, including their negligent operation of said vehicle.

8.      Plaintiff is informed and believes and thereon alleges that each defendant sued herein whether by name or fictitiously was acting as the agent or employee of each of the other defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein. Defendant DOES 1 through 10 are designated to include the repair shops, persons or entities who performed any maintenance, repair or services on the SUBJECT VEHICLE, any owners, lessors or lessees of the SUBJECT VEHICLE, any other employers of the defendant driver and any other person or entity that caused or contributed to the Plaintiff's damages.

3

## GENERAL ALLEGATIONS

9.     This vehicle collision occurred on January 30, 2014 at approximately 10:16 p.m., on the I-25 at MP 285 approximate latitude of 40°48'19"N and longitude of 104°58'40"W in the City of Denver, County of Larimer, State of Colorado. Plaintiff BAUTISTA was a passenger in a 2013 White PTRB Truck (hereinafter "WHITE PTRB") Tractor and Double Trailers, California License Plate Number WP02717 that was being driven by FERNANDO S. GARCIA. Plaintiff, BAUTISTA was not an owner or a driver of the WHITE PTRB vehicle in which he was a passenger. The WHITE PTRB Truck Tractor was parked and was not on nor was it in motion. While Mr. BAUTISTA slept in the sleeper quarters Defendant ESTRADA carelessly drove into and collided with the stationary WHITE PTRB Tractor Trailer that BAUTISTA was in causing BAUTISTA to be thrown across the quarters he was in and into a refrigerator with his right shoulder resulting in severe injuries.

10.     The WHITE PTRB was lawfully stationed and was not in motion when Defendant ESTRADA collided into with the WHITE PTRB and due to ESTRADA's "SUBJECT VEHCILE" traveling at unsafe speed for traffic conditions was unable to stop in time and collided into the WHITE PTRB that Plaintiff BAUTISTA was in. Defendant ESTRADA was operating the SUBJECT VEHICLE in the course and scope of his employment as a driver for Defendant MESILLA. The SUBJECT VEHICLE was owned and controlled by defendants and DOE Defendants.

11.     The road was plowed subsequent to snowfall and there was continuous snowfall in the region.

12.     The SUBJECT VEHICLE was attempting to pass the WHITE PTRB when it was snowing, failed to pass so merged quickly and in doing so collided into the WHITE PTRB causing BAUTISTA to be thrown from his sleeper bed resulting in injuries.

4

13.    The WHITE PTRB Trailer Truck that Plaintiff BAUTISTA was in was violently struck by Defendants' SUBJECT VEHICLE as a direct and proximate result of a violation of Colorado's Vehicle Code Section 42-4-1402(2)(a) (Careless driving/Emergency Vehicle) which states "A person who drives a motor vehicle, …in a careless and imprudent manner, without due regard for the … highways and all other attendant circumstances, commits careless driving...." The Traffic Collision Report also states that ESTRADA was cited for Careless Driving under Violation Code 42-4-1402(2)(a) (Citation Number: 4123390) and under the common code is 141-Careless/ROW Emergency Vehicle.

14.    Defendants MESILLA and DOE Defendants were the owners of the 2011 Blue Truck Tractor and Semi-Trailer and permitted ESTRADA to drive the SUBJECT VEHCILE.

15.    Defendant MESILLA and DOE Defendants employed ESTRADA as a driver or otherwise. ESTRADA was operating the SUBJECT VEHICLE in the course and scope of his employment on the date and time of the collision.

16.    As a result of Defendants' inattentiveness, Defendants' SUBJECT VEHCILE violently slammed into the side of the WHITE PTRB Truck Tractor and Semi-Trailer that Plaintiff BAUTISTA was in, with great force.

17.    At all times herein mentioned there was in full force and effect Vehicle Code Sections 42-4-1402(2)(a) and 42-4-1402(b) which were violated by Defendant ESTRADA.

18.    The Traffic Collision Report concluded that the party at fault was Defendant ESTRADA, which caused him to collide with the WHITE PTRB Truck Tractor and Semi-Trailer that Plaintiff BAUTISTA was in and cited ESTRADA for *Careless Driving*.

19.    As a result of ESTRADA's violation of the above noted Vehicle Code Sections and all of the Defendants' negligence as set forth herein, Plaintiff BAUTISTA

has suffered serious and severe personal injuries, including that Plaintiff BAUTISTA

suffered a massive retracted tear of the rotator cuff which forced BAUTISTA to have

surgery and will require further surgery in the future due to this collision.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

**(By Plaintiff As Against Defendants ESTRADA, MESILLA VALLEY**

**TRANSPORTATION and DOES 1-10)**

20.    Plaintiff realleges and incorporates by reference herein each and every

allegation contained hereinabove as though fully set forth herein.

21.    At all times herein mentioned, Defendant ESTRADA owed a duty of due

care to Plaintiff and all other individuals who would foreseeably be drivers and

passengers in vehicles on the public roadways.

22.    At all times herein mentioned, Defendant MESILLA owed a duty of due

care to Plaintiff and all other individuals who would foreseeably be drivers and

passengers in vehicles on the public roadways.

23.    Defendants and DOES 1-10 owed Plaintiff a duty to operate their vehicle

on the public roadways with that amount of care, diligence, and attentiveness as would a

reasonable driver in similar circumstances.  Defendants, and DOES 1-10 owed Plaintiff a

duty to keep a lookout for other vehicles on the roadway, to drive at a safe speed for the

traffic conditions, to not fail to properly exhibit due care and caution while approaching

or passing a stationary authorized emergency vehicle that is giving a visual signal

commits careless driving, which is a class 1 misdemeanor traffic offense when bodily

injury results.

24.    Defendants ESTRADA, MESILLA and DOES 1-10 breached the

aforementioned duties by failing to use that amount of care, diligence, and attentiveness

as would a reasonable driver in similar circumstances in that they:

a.   Failed to control the movement of the 2011 Blue International Truck

Tractor and Semi-Trailer Oregon License Plate Number YAGJ278 also known as SUBJECT VEHICLE;

b.  Failed to drive at a safe speed;

c.  Drove and/or permitted the SUBJECT VEHCILE to be driven while the driver/employee failed to properly exhibit due care and caution while approaching or passing a stationary vehicle, and

d.  Failed to abide by 42-4-1402(2)(a) and 42-4-1402(b) which results in a class 1 misdemeanor traffic offense since it caused bodily injury to the Plaintiff BAUTISTA.

25.  As a direct and proximate result of said tortious acts, omissions or conduct of Defendants ESTRADA, MESILLA and DOES 1-10, as herein alleged, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur losses, injuries and damages, including but not limited to disabling and serious personal injuries, pain, suffering and anguish in connection therewith all to Plaintiff's general damage in a sum that is within the jurisdictional limits of this Court; great emotional disturbance, shock and injuries to Plaintiff's nervous system, severe mental anguish and emotional distress in a sum that is within the jurisdictional limits of this Court; expenditures for past, present and future medical services and other curative items in connection with the treatment of Plaintiff's said injuries and all Plaintiff's damages in a sum to be determined according to proof at the time of trial; and inability to perform Plaintiff's regular and usual occupation, with resulting loss and impairment of earnings and earning capacity, all to Plaintiff's damage in a sum to be determined according to proof at the time of trial.

## SECOND CAUSE OF ACTION - NEGLIGENCE PER SE

### (By Plaintiff As Against Defendants, ESTRADA, MESILLA VALLEY TRANSPORTATION and DOES 1-10)

26.  Plaintiff re-alleges and incorporates by reference herein each and every allegation contained hereinabove as though fully set forth herein.

27.     At all times herein relevant, *Colorado Vehicle Code* Sections were in 42-4-1402(2)(a) and 42-4-1402(b) full force and effect and was binding on Defendants ESTRADA, MESILLA VALLEY TRANSPORTATION and DOES 1-10. The Traffic Collision Report states that Defendant ESTRADA violated 42-4-1402(2)(a) and thus causing the accident.

28.     *Colorado Vehicle Code* Section 42-4-1402 (2)(a) provides:
        *"**Careless driving.** A person who drives a motor vehicle …
        without due regard for the width, grade, curves, corners,
        traffic, or use of the streets and highways and all other
        attendant circumstances, commits careless driving….."*

29.     *Colorado Vehicle Code* Section 42-4-1402(b) provides:
        *"**Careless driving.** A person who drives a motor vehicle … without
        due regard for the width, grade, curves corners, traffic, or use of the
        streets and highways and all other attendant circumstances commits
        careless driving, which is **a class 1 misdemeanor traffic offense** when
        the actions are the **proximate cause of bodily injury** or death to another."*

30.     The Traffic Collision Report also states that Defendant ESTRADA violated *California Vehicle Code* Sections Code 42-4-1402(2)(a) under the common code 141 for Careless/ROW Emergency Vehicles.

31.     *California Vehicle Code* Sections 42-4-1402(2)(a) and 42-4-1402(2)(b) were enacted for the protection of the public Plaintiffs herein and the violation of them constitutes negligence per se under *Evidence Code* Section 669.

32.     At all times herein relevant, Plaintiff BAUTISTA was a member of a class of persons that the above noted *California Vehicle Code* Sections were designed to protect.

33.     Pursuant to a Traffic Collision Report provided by law enforcement, Plaintiff is informed and believes and thereon alleges that if Defendants were obeying the basic provisions of the *Vehicle Code*, this collision would have been avoided.

34.     As a direct and proximate result of said tortious acts, omissions or conduct

8

of Defendants ESTRADA, MESILLA and DOES 1-10, as herein alleged, Plaintiffs have

sustained and incurred, and is certain in the future to sustain and incur losses, injuries and

damages, including but not limited to disabling and serious personal injuries, pain,

suffering and anguish in connection therewith all to Plaintiffs' general damage in a sum

that is within the jurisdictional limits of this Court; great emotional disturbance, shock

and injuries to Plaintiff's nervous system, severe mental anguish and emotional distress

in a sum that is within the jurisdictional limits of this Court; expenditures for past, present

and future medical services and other curative items in connection with the treatment of

Plaintiff's said injuries, all Plaintiffs' damage in a sum to be determined according to

proof at the time of trial; and inability to perform Plaintiff's regular and usual occupation,

with resulting loss and impairment of earnings and earning capacity, all to Plaintiff's

damage in a sum to be determined according to proof at the time of trial.

## THIRD CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT

**(By Plaintiff As Against Defendants ESTRADA, MESILLA VALLEY**

**TRANSPORTATION and DOES 1-10)**

35.    Plaintiff incorporates herein by reference, as though fully set forth at

length, each and every allegation and statement contained herein.

36.    Defendant ESTRADA had a duty to operate the SUBJECT VEHICLE

with reasonable care, and breached that duty by operating the vehicle in a manner that

caused it to collide with the vehicle Plaintiff BAUTISTA was in, causing Plaintiff to

sustain serious and severe personal injuries.

37.    Defendants ESTRADA, MESILLA and DOE Defendants were the owners

of the SUBJECT VEHICLE operated by Defendant ESTRADA and permitted Defendant

ESTRADA to operate the SUBJECT VEHICLE.

38.    Defendant MESILLA VALLEY TRANSPORTATION was the employer

of Defendant ESTRADA and knew, or should have known, that Defendant ESTRADA

was incompetent or unfit to drive the SUBJECT VEHICLE in the course and scope of his employment.

39.     In spite of knowing that Defendant ESTRADA was incompetent or unfit to operate the SUBJECT VEHICLE, Defendants MESILLA and DOE's 1-10 permitted Defendant ESTRADA to drive the 2011 Blue International Truck Tractor and Semi-Trailer vehicle (aka "SUBJECT VEHICLE") in the course and scope of his employment.

40.     Defendant ESTRADA's incompetence and unfitness for driving the SUBJECT VEHCILE was a substantial factor in causing the accident, and thereby caused Plaintiffs to suffer serious and severe personal injury.

41.     As a direct and proximate result of said tortious acts, omissions or conduct of Defendants ESTRADA and MESILLA VALLEY TRANSPORTATION and DOES 1-10, as herein alleged, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur losses, injuries and damages, including but not limited to disabling and serious personal injuries, pain, suffering and anguish in connection therewith all to Plaintiff's general damage in a sum that is within the jurisdictional limits of this Court; great emotional disturbance, shock and injuries to Plaintiff's nervous system, severe mental anguish and emotional distress in a sum that is within the jurisdictional limits of this Court; expenditures for past, present and future medical services and other curative items in connection with the treatment of Plaintiff's said injuries, all Plaintiff's damages in a sum to be determined according to proof at the time of trial; and inability to perform Plaintiff's regular and usual occupation, with resulting loss and impairment of earnings and earning capacity, all to Plaintiff's damage in a sum to be determined according to proof at the time of trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, for each cause of action, as follows:

### PRAYER

WHEREFORE, Plaintiffs respectfully request that Defendants be cited to appear

and answer herein and that at trial they be awarded:

1.     All special damages, including past and future medical bills and healthcare care costs, loss of future earnings, loss of earning capacity, loss of past and future benefits, loss of household services and all other economic and special damages in a sum to be determined according to proof at time of trial;

2.     All general damages, including but not limited to pain and suffering, emotional distress, scarring, disfigurement, inability to engage in usual life activities and all other non-economic, general damages in a sum to be determined according to proof at time of trial;

3.     Loss of earnings and earnings capacity damages;

4.     Pre-judgment and post-judgment interest according to proof;

5.     Costs of suit incurred herein; and,

8.     Such other and further relief to which they may show themselves justly entitled.

DATED this 27th day of January, 2016.

TAUSSIG & TAUSSIG, P.C.

S/ Deborah L. Taussig

Deborah L. Taussig, Esquire
TAUSSIG & TAUSSIG, P.C.
5377 Manhattan Circle, Suite 203
Boulder, Colorado 80303
P:  303-443-2700
F:  303-448-9600
**ATTORNEYS FOR PLAINTIFF**